## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>EUGENIO JACKY SONES,<br><br>                   Defendant. | Case No. CF0035-23<br>GPD Report No: 23-30501/22-31451/22-27906<br><br>**DECISION AND ORDER**<br>**Motion to Dismiss [Speedy Trial Violation]** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on July 24, 2024 on Defendant Sones's Motion to Dismiss [Speedy Trial Violation]. Attorney Terry Timblin, Esq. represents Defendant Sones and Assistant Attorney General Kathleen O'Neil represents the Government. For the reasons set forth below, the Court GRANTS Defendant's Motion.

## BACKGROUND

On January 26, 2023, the Superior Court of Guam Territorial Grand Jury returned an Indictment charging Defendant with 1) Second Degree Robbery Via Complicity (As a 2nd Degree Felony) *2 Counts* – **Special Allegation**: *Possession or Use of a Deadly Weapon in the Commission of a Felony (2 Counts)*; 2) Second Degree Robbery Via Complicity (As a 2nd Degree Felony) *3 Counts*; and 3) Third Degree Robbery (As a 3rd Degree Felony).

On April 12, 2023, Defendant filed an Assertion of Speedy Trial and Request for Jury of Twelve. On April 18, 2023, an Amended Criminal Trial Scheduling Order was issued that set jury selection for May 24, 2023. On May 30, 2023, Defendant waived his speedy trial right. On July 3, 2023, a second Amended Criminal Trial Scheduling Order was issued that set jury selection for October 4, 2023. On September 29, 2023, Defendant filed a Stipulation and Order to Continue Jury Selection and Trial, as the parties were in active plea negotiations "and believe the matter could be resolved without going to trial". On March 15, 2024, a Third Amended Criminal Trial Scheduling Order was issued that set jury selection May 13, 2024. Jury selection was vacated on May 13, 2024 as Defendant considered a plea offer. Minute Entry, May 13, 2024. On May 13, 2024, Defendant also filed a Demand for Speedy Trial, in which Defendant stated that the time period that had elapsed between the first speedy trial assertion and waiver "could be waived". Defendant's Demand for Speedy Trial, May 13, 2024. On June 28, 2024, Defendant filed a Motion to Dismiss [Speedy Trial Violation].

## DISCUSSION

Defendant argues that a trial at this point would violate Guam's Speedy Trial Act, 8 GCA § 80.60, because there is already no time left on the speedy trial clock to bring Defendant to trial. Mot. Dismiss at 1 (June 28, 2024). Because Defendant was in custody at the time of his arraignment, his speedy trial clock began with forty-five days on it. 8 GCA § 80.60(a)(2). Defendant asserted his right to a speedy trial on May 13, 2024. Defendant calculates that this required him to be brought to trial by June 27, 2024. Therefore, Defendant reasons there are zero (0) days left on his speedy trial clock, so any attempt at initiating a trial would automatically violate his statutory speedy trial right.

It is undeniable that more than forty-five (45) days elapsed between May 13, 2024, and June 27, 2024. Under 8 GCA § 80.60, "if a defendant is not brought to trial within the time prescribed and no good cause is shown, the trial court must dismiss the indictment." *People v. Flores*, 2009 Guam 22 ¶ 23; *Ungacta v. Superior Court*, 2013 Guam 29 ¶ 9. Thus, the question is whether there was good cause for the delay; this is typically found where the delay was caused by, and/or was for the benefit of the defendant. *Id.* ¶ 26; see *Flores*, 2009 Guam 22 ¶ 40 (good cause found where trial delay was due to appointment of defendant's new attorney); *Quinata v. Superior Court*, 2010 Guam 8 ¶ 37 (good cause found to exclude time spent resolving defendant's motion to dismiss). While delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal, delay attributable to the fault of the prosecution or improper court administration does not constitute good cause. See *Flores*, 2009 Guam 22, ¶ 32.

Here, jury trial has yet to begin despite the speedy trial clock having expired twenty-seven (27) days ago. Defendant originally asserted their speedy trial rights on April 12, 2023, and subsequently waived their speedy trial right on May 19, 2023. Defendant's Demand for Speedy Trial, May 13, 2024. The Defendant has waived the time period between April 12, 2023 and May 19, 2023 for purposes of calculating the amount of time that has elapsed on the speedy trial clock. However, even if that time is not included in the speedy trial clock calculation for purposes of determining a violation, more than enough time has elapsed after the clock officially expired. At no point after the second assertion did Defendant file a motion that would justifiably toll the speedy trial clock. As such, the delay can only be attributable to the fault of the prosecution and improper court administration. The Court concludes, therefore, that Defendant's statutory right to a speedy trial under 8 GCA § 80.60 was violated.

## CONCLUSION

In light of the foregoing, the Court GRANTS Defendant Sones' Motion to Dismiss [Speedy Trial Violation].

IT IS SO ORDERED this     **AUG 0 1 2024**     .

HONORABLE ALBERTO E. TOLENTINO

Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, T. Tomblin

8/1/24   5:54pm
Date        Time
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam